UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTHONY DAVID SPETOSKEY,

      Defendant.

_____/

Case No. 1:25-cr-137

Hon. Robert J. Jonker
United States District Judge

**DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT
OF A MOTION FOR DOWNWARD VARIANCE**

**Introduction**

Mr. Anthony David Spetoskey, through his counsel Helen C. Nieuwenhuis, First Assistant Federal Public Defender, respectfully submits this memorandum in support of a sentence below his advisory guidelines.  The total offense level is 43 and the criminal history category is II, for advisory guidelines of 360 months.  There are no outstanding objections to the guidelines.  The defense maintains that a below-guideline sentence is warranted when taking into account Mr. Spetoskey's background and rehabilitation potential.

On October 28, 2025, a five-count superseding indictment was filed.  On January 13, 2026, Mr. Spetoskey entered a guilty plea to count one of the Superseding Indictment, pursuant to a written plea agreement. (ECF No. 32, Plea Agreement, PageID.86). Count

one charges sexual exploitation of a child contrary to 18 U.S.C. §§ 2251, (a) and (e), 2256 (2)(A). A final Presentence Investigation Report (PSR) has been prepared and submitted to the parties. (ECF No. 38, PSR, PageID.136). There are no outstanding objections to the advisory guidelines. Mr. Spetoskey faces a mandatory minimum sentence of 180 months.  Mr. Spetoskey's calculated guideline range is 360 months. Mr. Spetoskey has a total criminal history score of three and his criminal history category II is to Mr. Spetoskey's total offense level is 43 for guidelines of 360 months pursuant to U.S.S.G. § 5G1.1(a).

Mr. Spetoskey respectfully submits this Sentencing Memorandum in support of a downward variance to assist the court in fashioning a sentence that is sufficient, but not greater than necessary.

## I.    Legal Standard

The guiding principle of federal sentencing is to impose a punishment minimally sufficient to accomplish the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Those purposes include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future crimes, protecting the public, and offering the defendant treatment and rehabilitation. 18 U.S.C. § 3553(a)(2)(A)-(D).  While the advisory guidelines serve as a "starting point," they are not binding. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). The Court must make an individualized assessment based on all the § 3553(a) factors, including the nature and circumstances of the offense, the defendant's history and characteristics, and the need to avoid unwarranted disparities.

## II.    Nature and Circumstances of the Offense

Mr. Spetoskey pleaded guilty to sexual exploitation of a child.  There were no allegations that Mr. Spetoskey touched or had contact with any child. However, Mr. Spetoskey acknowledges the offense is serious and accepts full responsibility for his actions.

## III.    History and Characteristics of the Defendant

Mr. Spetoskey is 35 years old. He was born in Hastings, Michigan, and when he was approximately three years old, his family moved to Clarksville, Michigan. Eventually, Mr. Spetoskey moved to Grand Rapids, Michigan, after his time at his family's home did not work out. At the time of the offense, he was homeless and stayed at Matthew's House (a homeless shelter located in Grand Rapids).

Mr. Spetoskey's mother and father were employed while he was growing up. His father has retired as a maintenance worker with Lakewood Public Schools. However, he is currently employed part-time doing factory work. Mr. Spetoskey indicated his father is a recovering alcoholic. Currently, Mr. Spetoskey does not have a relationship with his father. His mother is a claims representative for Auto-Owners Insurance. Mr. Spetoskey has had a close and good relationship with his mother. However, after the instant offense, the relationship between the two of them has been significantly impaired. Prior to his arrest, Mr. Spetoskey maintained contact through the phone. His mother told the presentence writer her relationship with Mr. Spetoskey is strained, however, she will always love her son. Mr. Spetoskey has two siblings, both who are employed. However, at this time, he is not close with his siblings.

Mr. Spetoskey left the family when he was 19 years old. Although school was difficult, he has his high school diploma. He graduated with B and C grades but had significant issues with reading and comprehension. Because of his difficulties with learning in school, he received an individualized educational plan (IEP). This was after he was initially evaluated for special education services. He was also tested in January 1997 and cognitively functions in the upper borderline range (79). It was determined he would receive an IEP. After high school, he successfully completed a 10-week program for welding through MCTI in 2010.

Mr. Spetoskey has a long history of mental health issues. This includes a history of inpatient treatment. He was inpatient at Pine Rest for 10 days in 2015. He was diagnosed with depression and alcohol abuse. Mr. Spetoskey was prescribed Abilify, Neurotin and Prozac. He was also inpatient for 14 days at Trinity Health in Grand Rapids, Michigan in 2022. At that time he was diagnosed with major depressive disorder. He has also had inpatient treatment for approximately 10 days at the Pivot Crisis Center (through Hope Network in 2021) for suicidal ideation. Reportedly, he was stabilized with medication. However, he was to attend outpatient treatment, which did not happen. In 2023, he was hospitalized at the Robert Brown Crisis Center in Holland, Michigan for 14 days and again stabilized on his medications. This hospitalization was for a major depressive disorder along with anxiety. Mr. Spetoskey had gone off his prescribed medications because he did not like the way he felt on all of the medication. After going off his medications, Mr. Spetoskey was again reevaluated for medications and prescribed Zoloft, Lisinopril, Vistaril and Trazadone. Mr. Spetoskey had stopped taking his proscribed Abilify and Zoloft one

week prior to his admission. Along with treatment for depression, Mr. Spetoskey has been treated for suicidal ideation and suicide attempts.

Based on the history of psychiatric issues, the defense respectfully requests the Court order a psychiatric evaluation along with treatment. Mr. Spetoskey acknowledges he has a long history of mental health issues and knows he must work at staying on his stabilizing medications.

Along with the above-mentioned mental health issues, Mr. Spetoskey has had substance abuse history involving alcohol and marijuana. Mr. Spetoskey began consuming alcohol at age 19. He began using daily and worked himself up to consuming a fifth of liquor at a time. Over time, he reduced his use of alcohol. Mr. Spetoskey maintains he stopped using alcohol in February 2025. Mr. Spetoskey also used marijuana for approximately five years and stopped when he was 34. Although Mr. Spetoskey maintains he does not believe substance abuse treatment is currently needed, he has expressed an interest in receiving treatment while serving his time. During his time at Pine Rest, he was diagnosed with alcohol abuse.  The defense is asking the Court to consider recommending Mr. Spetoskey receive substance abuse treatment.

Although Mr. Spetoskey has had significant issues with mental health and substance abuse, there were times he could maintain and hold a job. He has not been employed since August 2024.  Prior to that he worked for Matcor in Grand Rapids and for Rockford Construction. He worked at the above noted places for several months. He also worked at McGowan Services at times between 2017 and 2021. It is clear from the PSR that Mr.

Spetoskey's mental health issues have interfered with his employment status over the years.

After becoming homeless and losing his physical driver's license, it became extremely difficult to get and maintain a job. And as noted above it was very hard to secure and keep employment with his mental health issues.

### IV.    The Use of a Minor Enhancement Double Counts the Relevant § 3553(a) Factors

Mr. Spetoskey received a two-level enhancement for use of a minor under U.S.S.G. § 3B1.4. (ECF No. 38, PSR, PageID.150). Although this enhancement is not technically double counting, it applies based on an extremely mechanical reading of the guidelines. Mr. Spetoskey maintains that § 2G2.1 captures the relevant § 3553(a) with regard to the use of a minor in the offense. Thus, the application of § 3B1.4 is not reflective of the § 3553(a) factors in this case.

### V.    Conclusion

A sentence below the advisory guideline range would be sufficient, but not greater than necessary.

Respectfully submitted,

SEAN R. TILTON
Federal Public Defender

Dated:  April 20, 2026

/s/ Helen C. Nieuwenhuis
HELEN C. NIEUWENHUIS
First Assistant Federal Public Defender
50 Louis, NW, Ste. 300
Grand Rapids Michigan 49503
(616) 742-7420

6